UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Steven M. Notinger, Trustee
in Bankruptcy of David Deaver Brown
and Simply Media, Inc.,
      Plaintiff

      v.                                    Civil No. 08-cv-05-SM
                                             Opinion No. 2008 DNH 202
Christina Brown, individually and as
Trustee of First Marcus Trust,
      Defendant

**O R D E R**

This case arises out of the bankruptcies of Simply Media, Inc. and David Deaver Brown. The trustee in bankruptcy became convinced that Christina Brown (wife of the debtor, Deaver Brown) had improperly diverted Simply Media's assets to her personal use, so filed suit seeking to recover those assets for the benefit of the estate. Two of the trustee's original claims were tried to a jury. In the first, the trustee asserted that Christina Brown, both individually and in her capacity as trustee of the First Marcus Trust (title holder of her residence in Lincoln, Massachusetts), fraudulently transferred assets of the debtor in bankruptcy (Simply Media) and diverted them to personal use. In the second, the trustee claimed Christina Brown participated in a civil conspiracy whose unlawful object was to transfer money out of Simply Media in order to hinder, delay, or defraud its creditors.

Following a four day trial, the jury returned a verdict in favor of the trustee and awarded damages as follows:

Count one (fraudulent transfer)

    Christina Brown, individually:    $ 871,613.76

    Christina Brown, as trustee:    $ 231,894.84

Count Two (civil conspiracy)

    Christina Brown:    $2,968,071.00

Jury Verdict Form (document no. 68). Defendants moved for remittitur, which the court granted as to the civil conspiracy count. Notinger v. Brown, 2008 DNH 188 (D.N.H. Oct. 6, 2008). Subsequently, rather than proceed to a re-trial limited to the issue of damages on his civil conspiracy claim, the trustee accepted a reduced damages award in the amount of $1,648,000 on that count.

Some issues were tried to the court: the trustee's claim seeking to impose a constructive trust upon Christina's residence in Lincoln, Massachusetts (the "Lincoln Residence") or to obtain turnover of that property, and his claim that Christina was unjustly enriched by virtue of her conversion, to personal use, of Simply Media's assets. Prior to trial the court noted that a jury verdict in the trustee's favor would likely render his bench-tried claims unnecessary, and it seemed the trustee agreed.

Counsel to the trustee has made inquiry of the clerk, however, regarding the status of those claims, so it appears the trustee expects a resolution — adding bungy cords to the belt and suspenders already in hand.

**Discussion**

I.   Unjust Enrichment and Constructive Trust.

As the New Hampshire Supreme Court has recognized, the doctrine of unjust enrichment provides that "one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." American Univ. v. Forbes, 88 N.H. 17, 19 (1936). See also Petrie-Clemons v. Butterfield, 122 N.H. 120, 127 (1982) ("Unjust enrichment may exist when an individual receives a benefit as a result of his wrongful acts, or when he innocently receives a benefit and passively accepts it.") (citing Nute v. Blaisdell, 117 N.H. 228, 232 (1977)).  Here, as the court has previously held, the evidence introduced at trial amply supported the jury's conclusion that Christina Brown fraudulently diverted assets of Simply Media from corporate to personal use. To the extent she did so, both she and the First Marcus Trust were plainly unjustly enriched at Simply Media's expense.

Consistent with the jury's verdict, the court concludes, based on the overwhelming evidence presented, that Christina

Brown, in her personal capacity, was unjustly enriched in the amount of $871,613.76 and Simply Media is entitled to restitution of the same. See, e.g., Kowalski v. Cedars of Portsmouth Condo. Ass'n, 146 N.H. 130, 133 (2001) ("A trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain.  To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain.") (citations and internal punctuation omitted).

The court also concludes, based upon the overwhelming evidence presented, that Christina Brown, in her capacity as trustee of the First Marcus Trust, was unjustly enriched in the amount of $231,894.84.

In addition to restitution in that amount, Simply Media says it is also entitled to the benefit of a constructive trust upon the assets of the First Marcus Trust.  As to the imposition of a constructive trust, the New Hampshire Supreme Court has held that it is warranted when:

> clear and convincing evidence demonstrates a
> confidential relationship existed between two people,
> that one of them transferred property to the other, and
> that the person receiving the property would be
> unjustly enriched by retaining the property, regardless

> of whether the person obtained the property honestly.
> A confidential relationship exists if there is evidence
> of a family or other personal relationship in which one
> person justifiably believes that the other will act in
> his or her interest.  A person may be unjustly enriched
> if he or she obtains title to property by fraud,
> duress, or undue influence, or violates a duty that
> arises out of a fiduciary relation to another.

<u>Cadle Co. v. Bourgeois</u>, 149 N.H. 410, 419-420 (2003) (citations omitted).  Here, it is plain that the First Marcus Trust was unjustly enriched (at Simply Media's expense) as a result of Christina Brown's fraudulent conduct.  Among other things, the trustee demonstrated that Christina Brown wrongfully used Simply Media's assets to pay the mortgage loan secured by the Lincoln Residence, to maintain and repair the Lincoln Residence, and to pay utility bills associated with that property.  He also demonstrated that, by virtue of her positions at Simply Media and her access to the corporation's checking accounts, a "confidential relationship" existed between the two.  Simply Media is, then, entitled to the imposition of a constructive trust on the assets of the First Marcus Trust in the amount of $231,894.84.

II.  <u>Turnover of the Lincoln Residence</u>.

Finally, the trustee seeks an order compelling the turnover of the Lincoln Residence to the estate of Deaver Brown, asserting that:

> Deaver Brown has retained a secret interest in, and
> exercised complete dominion and control over, the Brown
> Lincoln Residence and, therefore, <u>equity requires the
> Court to find that Deaver Brown's bankruptcy estate
> holds a one hundred percent equitable interest</u> in the
> Brown Lincoln Residence via a constructive trust and
> such equitable interest shall be turned over to the
> Plaintiff.

Plaintiffs' Memorandum (document no. 96) at 3 (emphasis supplied).  The court disagrees.  The evidence introduced at trial was insufficient to demonstrate that Deaver Brown retained a secret, controlling interest in the Lincoln Residence sufficient to warrant an order compelling Christina (as trustee) to convey a one hundred percent interest in that property to him (so it might be included in his bankruptcy estate).  Moreover, the trustee's current position on this issue is at odds with the one he adopted in the related case involving the Browns' property in New Hampshire.  See Brown v. Reifler, 2008 DNH 195 (D.N.H. Oct. 23, 2008).  In that case, the trustee sought to establish that property in New Hampshire should be included in Deaver's bankruptcy estate.  As part of that case, the trustee pointed out that Deaver had little contact with, or interest in, the Lincoln Residence and that Christina, rather than he, used it as a primary residence.  Instead, said the trustee, Deaver's primary residence was in New Hampshire.  In any event, the trustee failed to meet his burden of persuasion on that issue in this case.

## Conclusion

Consistent with the evidence introduced at trial, as well as the jury's verdict, the trustee is entitled to judgment on his claim that Christina Brown, both individually and in her capacity as trustee of the First Marcus Trust, was unjustly enriched at the expense of Simply Media.  Specifically, the evidence overwhelmingly demonstrates that, in her personal capacity, Christina was unjustly enriched in the amount of $871,613.76 and, in her capacity as trustee of First Marcus Trust, she was unjustly enriched in the amount of $231,894.84.  Simply Media is entitled to restitution of the full amount ($1,103,508.60). Moreover, in addition to restitution, Simply Media is also entitled to the benefit of a constructive trust upon the assets of the First Marcus Trust, in the amount of $231,894.84.  But, the trustee has failed to meet his burden of proof and has not established that he is entitled to an order compelling Christina, as trustee of the First Marcus Trust, to convey a one hundred percent interest in the Lincoln Residence to Deaver.

The foregoing, together with the prior opinions and orders issued by the court in this case, shall constitute the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.  See Applewood Landscape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1503 (1st Cir. 1989) (quoting

Morgan v. Kerrigan, 509 F.2d 580, 588 n.14 (1st Cir. 1974)); Kelley v. Everglades Drainage Dist., 319 U.S. 415, 422 (1943) (per curiam). If either party believes that additional specific findings of fact and conclusions of law would be helpful or are necessary, a written request for (a limited number of, and specific) additional findings and conclusions may be filed within ten (10) days of the date of this Order. Any other requests for findings of fact or rulings of law not expressly or implicitly granted in the body of this opinion are hereby denied.

The clerk shall enter an amended judgment reflecting the court's resolution of the issues tried to the bench.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 20, 2008

cc: Bruce A. Harwood, Esq.
    Stephen F. Gordon, Esq.
    Todd B. Gordon, Esq.
    Andrew G. Bronson, Esq.
    James V. Tabner, Esq.
    Douglas A. Grauel, Esq.
    Geraldine L. Karonis, Esq.
    Dudley C. Goar, pro se
    Middlesex Savings Bank, pro se
    Angelika Thumm, pro se
    Katherine San Filippo, pro se