UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Steven M. Notinger, Trustee
in Bankruptcy of David Deaver Brown
and Simply Media, Inc.,
    Plaintiff

    v.                                   Civil No. 08-cv-05-SM
                                        Opinion No. 2009 DNH 043

Christina Brown, individually and as
Trustee of First Marcus Trust,
    Defendant

## O R D E R

Following a bifurcated trial in which some of plaintiff's claims were tried to a jury and the remainder were tried to the court, the court entered an amended judgment in favor of plaintiff and against Christina Brown in the amount of $1,648,000.00, and against Christina Brown, in her capacity as trustee of the First Marcus Trust, in the amount of $231,894.84 (document no. 113). The court also entered a preliminary injunction which, among other things, prohibited defendant from selling or encumbering any of the Trust's assets or her beneficial interests in those assets (document no. 76). Defendant filed a timely notice of appeal, which is currently pending. Subsequently, plaintiff requested this court to issue writs of execution against property held by Christina Brown in both her individual and trustee capacities (document no. 124). That request is denied.

Rule 69 of the Federal Rules of Civil Procedure governs this court's issuance of writs of execution and provides:

> **Money Judgments; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – <u>must accord with the procedure of the state where the court is located</u>, but a federal statute governs to the extent is applies.

Fed. R. Civ. P. 69(a)(1) (emphasis supplied). Here, neither party has suggested that a federal statute applies. Accordingly, this court must apply the governing law of New Hampshire, which provides, in pertinent part, that "[n]o execution shall issue until the expiration of the appeal period." N.H. Rev. Stat. Ann. ("RSA") 527:1.

Although plaintiff has not addressed the issue or provided a brief in support of his request, it would seem that New Hampshire law does not authorize the issuance of a writ of execution on a judgment that is under appeal. In fact, RSA 527:1 appears to have been interpreted to mean that a writ of execution may not issue until the underlying judgment has become "final." <u>See generally</u> 5 R. Weibusch, N.H. Civil Practice and Procedure § 60.01, at 473 (1998). And, under New Hampshire law, a judgment is not "final" until either the appeal period has run and no appeal has been taken or, if an appeal was taken, it has been

2

resolved.  See, e.g., Simpson v. Young, 153 N.H. 471, 480, (2006); Arsenault v. Scanlon, 139 N.H. 592, 593-594 (1995); In re Donovan, 137 N.H. 78, 81 (1993); Rollins v. Rollins, 122 N.H. 6, 9 (1982) (citing N.H. Super. Ct. R. 74).  See also Hill of Portsmouth Condo. Ass'n v. Parade Office, LLC, 2006 WL 2085266 at *2, 2006 DNH 085 (D.N.H. July 26, 2006).

To be sure, some states do authorize the issuance of writs of execution during the pendency of an appeal.  In such states, however, that is a rare exception rather than the rule, and the moving party must demonstrate unusual or equitable circumstances justifying issuance of a writ of execution on a judgment that is under appeal (e.g., frivolity of the appeal and dissipation of assets).  In this case, the circumstances of which the court is aware (i.e., the attachments plaintiff secured against defendant's assets and the existence of the injunction) would seem to counsel against issuance of writs of execution before the appeal is resolved.

In light of the foregoing, plaintiff's application for the issuance of writs of execution (document no. 124) is denied, but without prejudice.  If plaintiff believes he is entitled to the issuance of such writs prior to the court of appeals' resolution of the pending appeal, he may file a new application, supported

by a legal memorandum thoroughly addressing at least the following issues:

1. whether, under Fed. R. Civ. P. 69(a)(1), New Hampshire law governs the court's issuance of writs of execution in this case; and

2. if so, (a) whether plaintiff's judgment serves as a lien against defendant's property; and, if so, (b) whether defendant is entitled to a stay of execution under state law.  See Fed. R. Civ. P. 62(f); and

3. whether state law authorizes the issuance of writs of execution on judgments that are not yet final (e.g., subject to an ongoing appeal); and

4. if so, whether plaintiff must demonstrate that exceptional or unusual circumstances warrant the issuance of writs of execution on a judgment not yet final.

### Conclusion

Plaintiff's application for writs of execution (document no. 124) is denied, without prejudice, as inadequately supported.  He may either await the court of appeals' decision in the pending appeal before seeking writs of execution or he may re-file his application, provided he addresses the legal issues presented above and demonstrates his entitlement under applicable state and/or federal law.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 31, 2009

cc: Andrew G. Bronson, Esq.
 Dudley C. Goar, pro se
 Stephen F. Gordon, Esq.
 Todd B. Gordon, Esq.
 Bruce A. Harwood, Esq.
 Geraldine L. Karonis, Esq.
 Middlesex Savings Bank, pro se
 Katherine San Filippo, pro se
 James V. Tabner, Esq.
 Angelika Thumm, pro se